MEDIQ MANAGEMENT SERVICES,
DIVISION OF MEDIQ, INC.

v.

Donald KERNS.

Civ. A. No. 85–575.

United States District Court,
E.D. Pennsylvania.

March 25, 1985.

Frank L. Tamulonis, Pottsville, Pa., for plaintiff.

Claude A.L. Shields, Pottsville, Pa., for defendant.

MEMORANDUM AND ORDER

HUYETT, District Judge.

Presently pending before me is defendant's motion to dismiss. For the reasons set forth below, this motion will be denied.

Plaintiff alleges in its complaint[1] that it is a Delaware Corporation with its principal place of business in New Jersey. It apparently entered into a contract to perform certain services for the County of Schuylkill, Pennsylvania. As part of this contract, plaintiff was to submit monthly invoices and was to be paid on a monthly basis.

On November 7, 1984, the defendant who is the Schuylkill County Controller, refused to pay certain of these invoices. On December 19, 1984, the Schuylkill County Commissioners voted to direct the Controller to make these payments. Notwithstanding this vote, defendant has failed to pay the invoices submitted by plaintiff. This suit was brought pursuant to 16 Pa. Stat.Ann. § 1752 (Purdon 1956) for an order directing defendant to pay these invoices.

Defendant has asserted three arguments in support of his motion. Each of these is without merit. Defendant's first argument is that the complaint fails to state a claim upon which relief can be granted. Specifically, defendant contends that the complaint is fatally defective because it failed to plead facts sufficient to show that a legal wrong has been committed. The complaint alleges that plaintiff entered into a valid contract with Schuylkill County, that it performed the required services, and that the defendant has refused to pay the valid invoices he has received in spite of the fact that the commissioners have voted to pay the bills. Plaintiff did not name either the county, or the county commissioner as defendants. Defendant contends that because plaintiff has not alleged that the controller "owed plaintiff any duty to pay the invoices," the complaint must be dismissed.

Defendant's argument might have merit if this were a straightforward breach of contract suit. It is not. Plaintiff is seeking to proceed under 16 Pa.Stat.Ann. § 1752 (Purdon 1956) which states:

If the controller does not approve a claim, bill or demand presented to him, he shall within thirty days forward it to the county commissioners together with his notice that he has refused to approve the same and his reasons therefor. The county commissioners shall consider the claim, bill or demand and, if they consider that it should be paid by the county, they shall so notify the controller. If the controller thereafter continues to refuse his approval no payment shall be made thereon by the county except pursuant to an order of court upon a proper issue thereto directing the controller to approve payment.

Defendant has completely failed to address the application of this statute to the facts of this lawsuit and has directed me to no authority which would lead me to conclude that plaintiff has not stated a valid claim under this section. The facts as alleged certainly seem to fit the scenario contemplated by this section.

In spite of defendant's silence on this matter, it is not entirely clear to me from the face of this statute that it is designed to provide a cause of action by a citizen against a county controller for what is essentially breach of contract. As a logical matter, it would seem unlikely that the legislature would contemplate that a plaintiff could get a mandatory order seeking payment from a county controller without first having been adjudicated deserving of that payment. If this reasoning is correct, then defendant's argument is well taken and plaintiff has failed to name the necessary defendants. On the other hand, the language of the statute is susceptible of the construction urged by plaintiff. The phrase "except pursuant to an order of Court upon a proper issue thereto directing the controller to approve payment" may be construed as allowing a cause of action for equitable relief against a controller independent of existing breach of contract claims.

---

1. Because this is a motion to dismiss under Fed.R.Civ.P. 12, I must accept all well-pleaded allegations of the complaint as true. A motion to dismiss can be granted only where it is clear that plaintiff can prove no set of facts sufficient to entitle it to relief.

Since its passage in 1955, section 1752 has been discussed in exactly one case. In *Smith, Jr. v. Adams*, 24 Pa.D. & C.2d 394, 49 Del.Co. 113 (1962), the plaintiff brought an action in mandamus to force the controller of Delaware County to pay certain payroll checks he claimed were owed to him. The parties disputed the right of the controller to set-off certain allegedly unauthorized mileage claims against the amount of the payroll checks. The parties apparently also disputed the amount of those mileage charges. The Court of Common Pleas of Delaware County held that the mandamus action was not ripe until the controller had fulfilled the requirements of § 1752. Although *Smith* is sufficiently different from the present case to make its application here somewhat tenuous, the court did state at one point:

> The question of whether or not the basis used in determining the mileage was proper is not and has never been a part of this case. It may eventually become the duty of the court in another action to determine whether the mileage allowed to these plaintiffs has been properly calculated, and in the present case whether or not the controller can, in any event, set off an unliquidated claim against a salary check.

*Id.,* 24 Pa.D. & C.2d at 395. One interpretation of this passage is that a cause of action exists under § 1752 separate from that for breach of contract.

■ In the last analysis, I think that defendant's argument must fail here because plaintiff has alleged sufficient facts to assert a cause of action for breach of contract against defendant *even if* it is not entitled to relief under § 1752 until it has been determined that a breach has occurred. As a county controller, defendant is allowed under statute to refuse claims made against a county under certain circumstances. 16 Pa.Stat.Ann. § 1750 (Purdon 1956). As such, the controller can decide to dishonor claims made pursuant to a contract made by the commissioners. In such a case, the commissioners have not committed any action which could be considered a breach. The controller, on the other hand, can be said to have caused the breach, should it be determined that a breach has occurred. Thus, the failure to include the commissioners as defendants in this suit is not a fatal flaw because although it is alleged that the commissioners made the contract, it is not alleged that they in any way breached the contract.

■ Defendant's second argument is somewhat related. He argues that the commissioners are indispensable parties who must be joined under Fed.R.Civ.P. 19. Defendant goes on to argue that these parties cannot be joined because doing so would destroy diversity of citizenship which is the sole ground for federal subject matter jurisdiction over this case.[2] I have reviewed the allegations contained in the complaint in light of defendant's arguments. I can see no merit in defendant's arguments that the commissioners are indispensable to this lawsuit. First, defendant's argument that an adverse judgment in this case could lead to substantial liability on the part of the commissioners is somewhat disingenuous in light of the commissioner's vote to pay plaintiff the money owed on December 19, 1984. Second, the relief sought in this suit is an order compelling the payment of the invoices under § 1752. In this suit I would anticipate that the defendant will offer some justification for the withholding of payment which presumably will go to the formation of the contract or plaintiff's performance thereunder. The bald, conclusory statements contained in plaintiff's motion are simply not enough "argument" in favor of his position to force me to conclude that this action should be dismissed for failure to join an indispensable party. Should it become apparent during the course of this suit that the commissioners are necessary then de-

---

2. I do not understand how the addition of the county commissioners would destroy diversity even if I were to conclude that they were indispensable. Defendant is a Pennsylvania citizen as are, presumably, the county commissioners. Their addition would therefore not destroy diversity.

fendant can assert whatever cross-claims are available to him under the Rules of Civil Procedure.

█ Defendant's last argument is that this court lacks subject matter jurisdiction because the parties are not diverse. In its complaint, plaintiff alleged that it is a Delaware Corporation with its principal place of business in New Jersey. Defendant is a Pennsylvania citizen. On its face this would seem to be a clear case of diversity (at least at this stage of the proceedings). Defendant makes a somewhat preposterous argument that plaintiff's principal place of business is Pennsylvania. If this were true, diversity would not exist. 28 U.S.C. § 1332(c). Defendant seems to argue that because plaintiff entered into a contract in Pennsylvania to be performed in Pennsylvania, its principal place of business must be Pennsylvania. That this argument is without merit goes without saying.

Based on the foregoing, I will deny defendant's motion to dismiss. An appropriate order follows.